**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 1:19-cv-22431-JLK

Linda J. Eisenman, individually
and as Personal Representative of the
Estate of Jeffrey Scott Eisenman; Julie
Eisenman; and, Ryan Eisenman,

        Plaintiffs,

vs.

Carnival Corporation d/b/a
Carnival Cruise Lines,

        Defendant.
_____/

## PLAINTIFF'S MOTION TO PRECLUDE DR. ALEX AROCKIASAMI FROM TESTIFYING IN THIS MATTER AND FOR SANCTIONS

    Plaintiffs hereby move for an order precluding Carnival's physician Dr. Alex Arockiasami from testifying in any fashion in this matter and for sanctions:

### BACKGROUND

    Dr. Alex Arockiasami, the Carnival physician responsible for the care and treatment of decedent Jeffrey Eisenman, has twice failed to appear for his pre-arranged and confirmed deposition. Carnival's multiple failures to produce its doctor have caused severe prejudice to Plaintiffs' ability to prove their case. At this juncture it will be impossible for Plaintiffs' expert witnesses to review Dr. Arockiasami's deposition testimony prior to disclosing their opinions, and Carnival will achieve a great tactical benefit by having Plaintiffs' expert witness reports, effectively detailing a roadmap of the theories of liability in this case, before their main medical witness has been deposed.

    Carnival's first failure to produce Dr. Arockiasami occurred on Sunday, March 8, 2020. A deposition was arranged and confirmed with Carnival to be taken in Long Beach, California.

The undersigned traveled from Miami, Florida, to Long Beach, California, to attend the deposition at Carnival's selected location at a time convenient for the witness. The combined travel and preparation time for this failed deposition exceed fifteen hours, and required significant expense of airfare, rental car, hotel accommodations, court report and videographer fees. Despite having pre-arranged and confirmed the deposition to accommodate Carnival, and the significant investment of time and expense, Carnival failed to produce Dr. Arockiasami. (*See* Affidavit of Nonappearance attached hereto as Exhibit 1.). Carnival was either unwilling or unable to make its witness available. Plaintiff suffered prejudice as a result of this first failure and unwillingness to engage in discovery.

Carnival's second failure to produce Dr. Arockiasami occurred on Tuesday, March 16, 2021. After months of asking for dates for a zoom deposition, one was f pre-arranged and confirmed. Carnival initially indicated that Dr. Arockiasami's deposition needed to be set for 11:30 p.m. at night, e.s.t., for the convenience of Dr. Arockiasami. Counsel for the undersigned found this to be unreasonable and asked if the deposition could be set for 8:30 p.m. instead. (*See* email correspondence dated Monday, January 18, 2021, attached hereto as Exhibit 2.). Carnival agreed to set the deposition at 8:30 p.m. On the morning of the pre-arranged and confirmed deposition the undersigned's paralegal received an email indicating that the deposition would need to be moved back to 9:45 p.m. The undersigned contacted counsel for Carnival via a phone call and various text messages to ask if the deposition could start earlier as previously agreed upon so that a main witness would not need to be deposed into the early hours of the morning. As Carnival is aware, it is physically and mentally challenging to take a deposition following a full business day that commences late at night. Counsel for Carnival responded that Dr. Arockiasami would only be made available beginning at 9:45 p.m., and that the doctor would not be made available at any other date or time. Presented with a take-it-or-leave-it option to depose

2

the primary physician in this case, the undersigned reluctantly agreed to proceed with the late deposition at 9:45 p.m. Additionally, the deposition needed to be conducted so that Plaintiff's experts could review the transcript before their reports were to be disclosed on March 24, 2021.

At 9:45 p.m. on Tuesday night the undersigned was present at his office to take the zoom deposition of Dr. Arockiasami. A court reporter and videographer were hired for the event and present as well. Preparing for the deposition again entailed many hours of work and research. Yet again, Dr. Arockiasami failed to appear at his pre-arranged and confirmed deposition. Counsel for Carnival indicated that it would work to arrange another date and time ASAP and inform the undersigned, however, that has not transpired. (*See* email correspondence dated Wednesday March, 17, 2021, attached hereto as Exhibit 3.). At this point it would be impossible for the deposition to be taken and for Plaintiffs' experts to have an opportunity to review the transcript to be included in their Rule 26 reports. Furthermore, the undersigned has twice been greatly inconvenienced personally and professionally by Carnival's misconduct, and the next several weeks of his schedule are already full.

## ARGUMENT

There is no dispute that Dr. Arockiasami's deposition was properly noticed and scheduled twice, and that he has twice failed to appear. Whether this conduct is intentional or as a result of neglect, it is unjustifiable, and Plaintiffs have suffered irreparable prejudice as a result.

Federal Rule of Civil Procedure 30(d)(2) provides for an "appropriate sanction" on a person who impedes, delays, or frustrates the fair examination of a deponent. Rule 37 (d) allows a court to enter sanctions, on motion, where a party fails to appear for a deposition after being served with proper notice. Sanctions can minimally include prohibiting the offending party from introducing designated matters into evidence, along with payment of reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(b)(2)(A)(i).

3

Carnival's discovery misconduct is unjustifiable and merits the imposition of sanctions. Plaintiffs have suffered irreparable and unfair prejudice. Plaintiffs have lost the ability to timely prepare expert witness reports that can assess Dr. Arockiasami's conduct and opine on his negligence. Dr. Arockiasami is a pivotal witness to Plaintiff's case, who was primarily responsible for Mr. Eisenman when he was a patient in Carnival's medical center before he died. Plaintiffs' ability to robustly prove their case against Carnival has therefore been impacted by Carnival's discovery misconduct. It would be manifestly unjust to permit Dr. Arockiasami to testify after receiving Plaintiffs' expert witness reports. Carnival should not achieve a tactical windfall through misfeasance.

Plaintiffs should also not be forced to endure additional delays or scheduling changes because of Carnival's misconduct. Carnival has already received the great benefit of a nearly yearlong stay of all of its litigation, including this tragic death case. The delays caused by the ongoing pandemic stays have already prejudiced Plaintiffs and made it harder to obtain the memories of various witnesses and ultimately prove Plaintiffs' case. Plaintiffs will suffer additional prejudice if this matter is delayed any further, and it will be prejudicial to Plaintiffs if the deadlines are again extended.

The court should not countenance Carnival's ongoing discovery misconduct, and should enter an order precluding and prohibiting Dr. Arockiasami from testifying in this matter in any fashion, along with any other sanctions it deems appropriate given the repeated misconduct.

## Local Rule 7.1(a)(3) Certification

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

By: */s/ Thomas Graham*
**Ira H. Leesfield** (FBN 140270)
Email: Leesfield@leesfield.com
**Thomas D. Graham** (FBN 89043)
Email: graham@leesfield.com
LEESFIELD SCOLARO, P.A.
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile: 305-854-8266
***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on March 18, 2021, which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.

*/s/ Thomas D. Graham*
Thomas D. Graham

## SERVICE LIST

*LINDA J. EISENMAN, individually, et al., v. Carnival Cruise Line*
*Case NO.: 1:19-cv-22431-JLK*

Christopher E. Knight (FBN: 607363)
cknight@fowler-white.com
Marc J. Schleier (FBN 389064)
mschleier@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Katina M. Hardee (FBN: 0016069)
khardee@fowler-white.com
James N. Hurley (FBN 354104)
jhurley@fowler-white.com
George M. Koonce, III (FBN 519261)
gkoonce@fowler-white.com
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
***Attorneys for Defendant***