UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-22431-JLK

LINDA J. EISENMAN, individually and as
Personal Representative of the ESTATE OF
JEFFREY SCOTT EISENMAN, JULIE
EISENMAN and RYAN EISENMAN,

    Plaintiffs,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court upon Plaintiff's Motion for Partial Summary Judgement (DE 52) ("Plaintiff's Motion"), filed May 3, 2021. Defendant responded May 17, 2021. DE 66. Plaintiff replied May 24, 2021. DE 73. The Court has also considered each party's Statement of Material Facts (DE 53, 67 and 72), and the pertinent portions of the record. Plaintiff seeks judgment as to liability of air evacuation and a number of affirmative defenses. *See* Pl.'s Mot.

Defendant also moves for partial summary judgment, seeking judgment on Plaintiff's Intentional Infliction of Emotional Distress claims (DE 58) ("Defendant's Motion"), filed May 3, 2021. The Court has also considered the Response and Reply briefs (DE 63 and 78), each party's Statement of Material Facts (DE 59, 64 and 79), and the pertinent portions of the record.

Summary judgment is appropriate where there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary

judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). Here, the Court finds that there a number of disputes of material facts in both Parties' motions for partial summary judgment. The Court illustrates a few examples of disputes:

Plaintiff asserts that "[Defendant's] medical team never contacted an air ambulance provider for [Decedent] while the vessel was docked in port . . . and didn't otherwise address any concerns to an air ambulance provider about [Decedent] before the *Sunshine* left port and departed Grand Turk." DE 53 ¶ 14. However, Defendant states that "[a]n air ambulance was considered and discussed with [Plaintiff]." DE 67 ¶ 14. Additionally, Defendant states that the ship-board doctor "discussed with the shoreside hospital in Grand Turk about the possibility of transferring Decedent there [for treatment] . . . ." DE 67 ¶ 50. But, Plaintiff claims that "The treatment plan was always to medevac [Decedent] from Grand Turk to Miami; treatment in Grand Turk was never presented or discussed as an option . . . ." DE 72 ¶ 50. Even entire conversations regarding Decedent's treatment are in dispute as to whether they took place. DE 67 ¶ 61; DE 72 ¶ 61.

Similarly, Defendant's Motion raises disputes of material facts. Defendant asserts that its doctor "discussed treatment alternatives for Decedent with [Plaintiff] including transferring him to a shoreside facility in Grand Turk, evacuation by air ambulance, or keeping him onboard in the Medical Center until the ship arrived in Puerto Rico the following day." DE 79 ¶ 41. However, Plaintiff states that she was "repeatedly told that [Decedent] would be medevaced from Grand Turk to a hospital in Miami with a cardiac unit" and Defendant's doctor "never discussed the option of [Decedent] receiving treatment in Puerto Rico." DE 64 ¶ 13, 41.

These facts regarding the efforts made by witnesses to secure airlifting of the deceased, and the facts relating to whether or not an airlift was sought or not, and were denied or not, are in

the judgment of this court, disputed. The Parties' motions raise questions of fact. This is what trials are about. Such evidence is presented to a judge or jury for resolution after appropriate instruction, argument of counsel, and the weighing of the factual issues by the jury.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Partial Summary Judgment **(DE 52)** be, and the same is, hereby **DENIED**. It is further **ORDERED** that Defendant's Motion for Partial Summary Judgment **(DE 58)** be, and the same is, hereby **DENIED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 26th day of May, 2021.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:**   **Magistrate Judge Jacqueline Becerra**
**All Counsel of Record**